IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | I N D I C T M E N T |
| ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | Violation:    21 U.S.C. §§ 841(a)(1), 846, |
| FERRIS LAVELLE LEE, a/k/a VITO; ) | 848(a) and (c), 861(a)(1), (c), and (d), and |
| MARCUS JERMAINE ROYSTON, ) | 18 U.S.C. § 2 |
| a/k/a BD; ) | |
| JONATHAN JASON McCLARIN, ) | |
| a/k/a JAY; ) | |
| MAURICE M. FOREST; ) | |
| DARRIN BERNARD RAYSOR; ) | |
| CASEY MAE PETERSON; ) | |
| SHAINA CHRISTINE SJOSTRAND; ) | |
| and JESSICA MARIE DIETZ ) | |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about January 1, 2008, and continuously until the date of this

Indictment, in the District of North Dakota, and elsewhere,

FERRIS LAVELLE LEE, a/k/a VITO;
MARCUS JERMAINE ROYSTON, a/k/a BD;
JONATHAN JASON McCLARIN, a/k/a JAY;
MAURICE M. FOREST;
DARRIN BERNARD RAYSOR;
CASEY MAE PETERSON;
SHAINA CHRISTINE SJOSTRAND; and
JESSICA MARIE DIETZ

did knowingly and intentionally combine, conspire, confederate, and agree together and

with others, both known and unknown to the grand jury, to possess with intent to

distribute and distribute in excess of 50 grams of cocaine base, a Schedule II controlled substance; in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing cocaine.

2. It was part of said conspiracy that the defendants and others would and did make cocaine base, also known as "crack," from the mixture containing cocaine.

3. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 50 grams of cocaine base (crack), within the states of North Dakota, Minnesota, and elsewhere.

4. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute marijuana in the states of North Dakota, Minnesota, and elsewhere.

5.  It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

6.  It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities.

7.  It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions.

8.  During the course of said conspiracy, members of the conspiracy, both known and unknown to the grand jury, transferred cocaine and cocaine base (crack) from the states of Illinois and Minnesota to North Dakota for distribution;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

### Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about December 2, 2008, in the District of North Dakota,

> FERRIS LAVELLE LEE, a/k/a VITO, and
> JONATHAN JASON McCLARIN, a/k/a JAY,

knowingly and intentionally distributed .42 grams of a mixture and substance containing cocaine, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THREE

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about December 2, 2008, in the District of North Dakota,

> FERRIS LAVELLE LEE, a/k/a VITO,  and
> JONATHAN JASON McCLARIN, a/k/a JAY,

knowingly and intentionally distributed 1.13 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOUR

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about December 4, 2008, in the District of North Dakota,

> FERRIS LAVELLE LEE, a/k/a VITO, and
> JONATHAN JASON MCCLARIN, a/k/a JAY,

knowingly and intentionally distributed 1.94 grams of a mixture and substance containing cocaine, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about December 11, 2008, in the District of North Dakota,

FERRIS LAVELLE LEE, a/k/a VITO,

knowingly and intentionally distributed 1.95 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SIX

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about January 5, 2009, in the District of North Dakota,

FERRIS LAVELLE LEE, a/k/a VITO,

knowingly and intentionally distributed 1.84 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SEVEN

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about January 22, 2009, in the District of North Dakota,

FERRIS LAVELLE LEE, a/k/a VITO,

knowingly and intentionally distributed .38 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT EIGHT

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about January 24, 2009, in the District of North Dakota

FERRIS LAVELLE LEE, a/k/a VITO,

knowingly and intentionally distributed .5 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT NINE

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about January 24, 2009, in the District of North Dakota,

FERRIS LAVELLE LEE, a/k/a VITO,

knowingly and intentionally distributed .38 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT TEN

### Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about February 6, 2009, in the District of North Dakota,

> FERRIS LAVELLE LEE, a/k/a VITO, and
> MAURICE M. FOREST

knowingly and intentionally distributed 2.5 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about February 6, 2009, in the District of North Dakota,

>    FERRIS LAVELLE LEE, a/k/a VITO, and
>    MAURICE M. FOREST

knowingly and intentionally distributed 1.75 grams of cocaine base, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT TWELVE

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about May 28, 2009, in the District of North Dakota,

>FERRIS LAVELLE LEE, a/k/a VITO, and
>MARCUS ROYSTON

knowingly and intentionally distributed .75 grams of cocaine base, a Schedule II controlled substance, in West Fargo and Fargo, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

**Employment or Use of Person Under 18 years of Age in Drug Operation**

The Grand Jury Further Charges:

On or about January 1, 2008, and continuously until the date of this Indictment, in the District of North Dakota,

FERRIS LAVELLE LEE, a/k/a VITO,

who was at least 18 years of age, knowingly and intentionally employed, hired, and used a person under 18 years of age to distribute controlled substances;

In violation of Title 21, United States Code, Sections 861(a)(1), (c), and (d), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

**Continuing Criminal Enterprise**

The Grand Jury Further Charges:

From on or about January 1, 2008, and continuously until the date of this Indictment, in the District of North Dakota and elsewhere,

FERRIS LAVELLE LEE, a/k/a VITO,

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that he did violate Title 21, United States Code, Sections 841(a)(1), 861(a)(1), and 846, including, but not limited to, the violations alleged in Counts One through Thirteen of this Indictment. These counts are incorporated herein by reference. The above-described violations were, and are, part of a continuing series of violations which include, but are not limited to:

    a. FERRIS LAVELLE LEE, a/k/a VITO, on multiple and separate occasions, personally distributed or aided and abetted the distribution of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, to indicted and un-indicted co-conspirators in North Dakota and elsewhere during the time frame of the enterprise.

    b. FERRIS LAVELLE LEE, a/k/a VITO, on multiple and separate occasions, personally distributed or aided and abetted the distribution of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, to indicted

and unindicted co-conspirators in North Dakota and elsewhere during the time frame of the enterprise.

      c. FERRIS LAVELLE LEE, a/k/a VITO, on multiple and separate occasions, personally distributed or aided and abetted the distribution of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, to indicted and unindicted co-conspirators in North Dakota and elsewhere during the time frame of the enterprise.

      These continuing series of violations were undertaken by FERRIS LAVELLE LEE, a/k/a VITO, in concert with at least five other persons with respect to whom defendant FERRIS LAVELLE LEE, a/k/a VITO, occupied a position of organizer, supervisor, and manager, including, but not limited to, the following individuals: (1) R.L.J.; (2) T.M.B.; (3) T.L.B.; (4) J.N.N.; (5) H.C.A.B.; (6) Z.J.; (7) L.D.J.; (8) MARCUS JERMAINE ROYSTON, a/k/a BD; (9) MAURICE M. FOREST; and (10) SHAINA CHRISTINE SJOSTRAND.

From these continuing series of violations, defendant FERRIS LAVELLE LEE, a/k/a VITO, obtained substantial income;

In violation of Title 21, United States Code, Sections 848(a) and (c).

A TRUE BILL:

/s/ Grand Jury Foreperson

Foreperson


/s/ Lynn C. Jordheim
LYNN C. JORDHEIM
Acting United States Attorney

CCM:ceb