AO 245B (Rev. 6/05) Sheet 2 - Judgment in a Criminal Case

| CASE NUMBER: | 3:09-CR-155-01 | Judgment - Page 1 of 4 |
|---|---|---|
| DEFENDANT: | Ferris Lavelle Lee, a/k/a VITO | |

# United States District Court
## District of North Dakota

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number:  3:09-CR-155-01 |
| **Ferris Lavelle Lee, a/k/a VITO** | USM Number:  10494-059 |
| | John Goff |
| | Defendant's Attorney |

**THE DEFENDANT:**

was found GUILTY by a jury on May 28, 2010 on counts 1-12 and 14 of the Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(b)(1)(A) (VACATED) | Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances | 01/08/10 | 1 |
| 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2 | Distribution of a Controlled Substance and Aiding and Abetting | 01/08/10 | 2-12 |
| 21 U.S.C. § 848(a) and (c) | Continuing Criminal enterprise | 01/08/10 | 14 |

The defendant is sentenced as provided in pages 1 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant was found not guilty on counts 13 of the Indictment and is discharged as to such count.

The sentence imposed on Count 1 is vacated pursuant to *Rutledge v. United States*, 517 U.S. 292 (1996), and the Double Jeopardy Clause of the United States Constitution.

It is ordered that the defendant shall pay to the United States a special assessment of $1,200, for counts 2-12 and 14 of the Indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota 58102.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

August 30, 2010
Date of Imposition of Judgment

*/s/ Ralph R. Erickson*
Signature of Judicial Officer

**RALPH R. ERICKSON**, Chief U.S. District Judge
Name & Title of Judicial Officer

Sept. 1, 2010
Date

Case 3:09-cr-00155-PDW   Document 394   Filed 09/01/10   Page 2 of 4

AO 245B (Rev. 6/05) Sheet 2 - Judgment in a Criminal Case

| | | |
|---|---|---|
| CASE NUMBER: | 3:09-CR-155-01 | Judgment - Page 2 of 4 |
| DEFENDANT: | Ferris Lavelle Lee, a/k/a VITO | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned on Counts 2, 4, 7 and 9 for a period of 46 months; on Counts 3, 5, 6 and 11 for a period of 70 months; on Count 8 and 12 for a period of 57 months; Count 10 for a period of 84 months and on Count 14 for a period of 540 months. All counts to run concurrent with each other.

On Count 1 the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for the remainder of his natural life to run concurrent with all other counts (**Count 1 is vacated pursuant to *Rutledge v. United States*, 517 U.S. 292 (1996), and the Double Jeopardy Clause of the United States Constitution**).

The court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be placed in a facility that is most closely located to his family in Chicago.

2. That the defendant be permitted to participate in the 500 hour Residential Drug Abuse Treatment Program (RDAP) of the Bureau of Prisons, and that he be afforded any benefit from successful completion of this program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 06/05)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:09-CR-155-01 | Judgment - Page 3 of 4 |
| DEFENDANT: | Ferris Lavelle Lee, a/k/a VITO | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years on each count to run concurrent with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004.  These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 3:09-CR-155-01 | Judgment - Page 4 of 4 |
| DEFENDANT: Ferris Lavelle Lee, a/k/a VITO | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

2. The defendant will be required to participate in a treatment program for alcohol and drug abuse approved by the supervising probation officer.

3. The defendant shall submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
Defendant                                    Date

_____    _____
U.S. Probation Officer/Designated Witness    Date