```
         UNITED STATES DISTRICT COURT
           DISTRICT OF NORTH DAKOTA
             SOUTHEASTERN DIVISION

- - - - - - - - - - - - - - - - -
                                  )
United States of America,         )
                                  )
           Plaintiff,             )
                                  )
      vs.                         ) FILE NO. 3:09-cr-155-01
                                  )           3:09-cr-155-02
Ferris Lavelle Lee, a/k/a Vito,   )           3:09-cr-155-04
Marcus Jermaine Royston,          )           3:09-cr-155-08
a/k/a BD, Maurice M. Forest,      )
Jessica M. Dietz,                 )
                                  )
           Defendants.            )
- - - - - - - - - - - - - - - - -
```

**T R A N S C R I P T**

**O F**

**P R O C E E D I N G S**

**JURY TRIAL - VOLUME XII - MAY 27, 2010**

**Pages 2066-2083**

TAKEN AT: QUENTIN BURDICK UNITED STATES COURTHOUSE
          655 FIRST AVENUE NORTH
          FARGO, NORTH DAKOTA  58102

BEFORE:  THE HONORABLE RALPH R. ERICKSON

COURT REPORTER:  KELLY A. KROKE

```
 1                    A P P E A R A N C E S

 2   MR. CHRISTOPHER C. MYERS            COUNSEL FOR PLAINTIFF;
     MS. JULIE LAWYER
 3   Office of US Attorney
     655 1st Avenue North, Ste. 250
 4   Fargo, ND 58102

 5   MR. JOHN T. GOFF                  COUNSEL FOR DEFENDANT LEE;
     Attorney at Law
 6   4650 38th Avenue South, Ste. 110
     Fargo, ND  58106
 7
     MR. STEVEN D. MOTTINGER   COUNSEL FOR DEFENDANT ROYSTON;
 8   Attorney at Law
     15 9th Street South
 9   Fargo, ND  58102

10   MR. JASON T. LOOS           COUNSEL FOR DEFENDANT FOREST;
     Attorney at Law
11   505 North Broadway, Ste. 208
     Fargo, ND  58102
12
     MS. CAREY A. GOETZ          COUNSEL FOR DEFENDANT DIETZ;
13   Attorney at Law
     316 North 5th Street
14   Bismarck, ND  58503

15

16

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

(May 27, 2010: The following proceedings commenced at 9:05 a.m.: In open court, all counsel and the Defendants present, in the presence and hearing of the jury:)

THE COURT: Good morning. We'll go on the record in a case entitled United States of America versus Ferris Lee. Mr. Lee appears personally along with his counsel, Mr. Goff; United States versus Marcus Royston, who appears personally along with his counsel, Mr. Mottinger; Maurice Forest who appears personally along with his counsel, Mr. Loos; and Jessica Dietz who appears personally along with her counsel, Ms. Goetz. Ms. Lawyer and Mr. Myers appear on behalf of the United States. The jury is in the box. Looks like we have 12 of them. That would be all we're supposed to have.

Will the United States waive the polling?

MR. MYERS: Yes, Your Honor.

THE COURT: Mr. Goff?

MR. GOFF: Yes, Your Honor.

THE COURT: Mr. Mottinger?

MR. MOTTINGER: Yes, Your Honor.

THE COURT: Mr. Loos?

MR. LOOS: Yes, Your Honor.

THE COURT: Ms. Goetz?

1           MS. GOETZ:  Yes, Your Honor.
2           THE COURT:  Ladies and gentlemen of the
3  jury, I'm going to send you out now that you're all here
4  so that you can recommence your deliberations.  Before I
5  do that though I'm going to make the same inquiry I make
6  before every day of a jury trial except for the two days
7  I forgot and, that is, has anyone spoken to you or
8  attempted to speak to you since you were last here
9  yesterday?  And by that I mean about the case or anyone
10 involved in it.
11          (Jury indicating no.)
12          THE COURT:  And has anything happened that
13 would affect your ability to be fair and impartial in
14 this case?
15          (Jury indicating no.)
16          THE COURT:  All right.  You're free to
17 continue your deliberations.
18          (9:10 a.m., Jury retires to deliberate.)
19          (In open court, all counsel and the
20 Defendants present, outside the presence and hearing of
21 the jury:)
22          THE COURT:  We're back on the record outside
23 the presence of the jury.  The jury informed the
24 bailiffs yesterday that it is their intention to
25 basically work from 9:00 in the morning till noon and

1  from 1:00 until 4:45 and that they will brake every day
2  that they're deliberating at 4:45 if they have not yet
3  reached a verdict.  And my only reason for telling you
4  that is that they -- it's very rare that I have a jury
5  tell me in advance what they intend their schedule to be
6  and they have.  So thought I'd share that with you.
7             If we get to the end of the day and they
8  have not reached a verdict at 4:40 or so, I'll bring
9  them in and admonish them.  The admonition would be
10 simply the same as what I give at the close of every day
11 of the trial.  If you want to be here for the
12 admonition, you certainly may.  If you don't that's
13 fine, too.
14            So first question, Mr. Myers, is there
15 anything that the government wishes to bring before the
16 Court at this time?
17            MR. MYERS:  No, Your Honor.
18            THE COURT:  Do you want to be here when I
19 admonish the jury at the end of the day if we get that
20 far?
21            MR. MYERS:  I don't think so, Judge.
22            THE COURT:  All right.  Mr. Goff, do you
23 have anything you wish to bring before the Court at this
24 time?
25            MR. GOFF:  No, Your Honor.

1           THE COURT: Do you wish to be here at the
2  close of business when the jury's admonished?
3           MR. GOFF: Your Honor, I'm thinking that if
4  that occurs that I probably would be but I would leave
5  my phone number with Shelley and perhaps she'd give me a
6  call and we'll make that final decision at that time.
7           THE COURT: Mr. Mottinger, the same two
8  questions?
9           MR. MOTTINGER: Your Honor, I just visited
10 with Mr. Royston. I don't believe that he sees the need
11 to be here for the admonishment at this point. I would
12 take that position as well.
13          THE COURT: Do you have anything else you
14 wish to bring before the Court?
15          MR. MOTTINGER: No.
16          THE COURT: Mr. Loos?
17          MR. LOOS: I have nothing, Your Honor. I
18 don't plan on being here.
19          THE COURT: Ms. Goetz?
20          MS. GOETZ: I have nothing either, Your
21 Honor, and I don't plan on being here.
22          THE COURT: Okay.
23          MR. GOFF: Your Honor, my client indicates
24 that he doesn't have a desire to be here either if that
25 occurs.

 1              THE COURT:  And that's fine.  The way it
 2   always works is that if everybody -- either everybody
 3   agrees they don't need to be here or one person says
 4   they want to be and then everyone shows up.  But
 5   whatever, that's fine.  We'll stand in recess while the
 6   jury deliberates.  If we hear anything from them at all
 7   I'll let you know.
 8              DEFENDANT FOREST:  Excuse me, Your Honor,
 9   could you ask these marshals to get us a real lunch this
10   time?
11              (Recess taken; 9:10 a.m. to 12:00 noon.)
12              (In open court, all counsel and the
13   Defendants present, outside the presence and hearing of
14   the jury:)
15              THE COURT:  We're all here.  We'll go on the
16   record in a case entitled United States of America
17   versus Ferris Lee, et al. The record should reflect that
18   Mr. Lee appears with his counsel, Mr. Goff.  Mr. Royston
19   appears with his counsel, Mr. Mottinger.  Mr. Forest
20   appears with his counsel, Mr. Loos.  Ms. Dietz appears
21   with her counsel, Ms. Goetz.  Ms. Lawyer appears on
22   behalf of the United States.
23              I've received a question from the jury.
24   It's as follows:  Can we get a copy of the money wire
25   graph, slash, flowchart, question mark.  And it's signed

1  by the jury foreperson, Arthur Grochow.  You will recall
2  that we received the exhibit for demonstrative purposes
3  when it was received.  At the time I instructed the jury
4  that they were to look at the underlying records.  It is
5  a summary.
6           Basically it boils down to this:  If the
7  parties don't object to it going to the jury, I'm okay
8  with sending it back to them.  If the parties object
9  then I think we're going to have to bring them in here
10 and explain to them that they need to look at the
11 underlying records, which is the source for the original
12 flowchart.  And I don't think there's great error in
13 either approach and the question kind of is:  Do we want
14 them to ferret it out on their own or do we want to give
15 it to them?  If we give it to them I'll bring them in
16 and remind them that they have to verify that the
17 information on the summary is accurate.
18           Does the government have a position?
19           MS. LAWYER:  We don't have any objections to
20 them looking at the summary, Your Honor.
21           THE COURT:  Mr. Goff?
22           MR. GOFF:  (No response.)
23           THE COURT:  Let's start over there.
24 Ms. Goetz, do you have a position on this?
25           MS. GOETZ:  I don't, Your Honor.

```
 1                THE COURT:  Mr. Loos?
 2                MR. LOOS:  I have no objection.  I think it
 3   would be helpful if they were to look at it rather than
 4   dig through all those records.
 5                THE COURT:  Mr. Mottinger?
 6                MR. MOTTINGER:  I had a brief opportunity to
 7   confer with Mr. Royston.  I don't believe we object.
 8                THE COURT:  Mr. Goff?
 9                MR. GOFF:  Your Honor, I just want to make
10   sure.  I understand the big chart which was the -- for
11   demonstrative purposes.  Do they have the smaller
12   version?
13                THE COURT:  No, they have nothing.  They
14   have the records because I received it as a summary as a
15   court exhibit and -- it's Court Exhibit J is what it is.
16   Do you want the exhibit to show to your client?
17                MR. GOFF:  Sure.  Thank you.  Your Honor,
18   I've talked it over with my client.  We have no
19   objection if they see this exhibit.
20                THE COURT:  Let's go ahead and bring the
21   jury in.
22                (12:07 p.m., In open court, all counsel and
23   the Defendants present, in the presence and hearing of
24   the jury:)
25                THE COURT:  We're back on the record in a
```

1   case entitled United States of America versus Ferris
2   Lee, Marcus Royston, Maurice Forest and Jessica Dietz.
3   The record should reflect that Ms. Lawyer appears on
4   behalf of the United States.  Mr. Goff appears along
5   with his client, Mr. Lee.  Mr. Mottinger appears along
6   with his client, Mr. Royston.  Mr. Loos appears with his
7   client, Mr. Forest.  And Ms. Goetz appears with her
8   client, Ms. Dietz.  The jury's in the box.
9              I have received the following question:  Can
10  we get a copy of the money wire graph or flowchart?  And
11  it's signed by Arthur Grochow.  Ladies and gentlemen of
12  the jury, you're referring to Court Exhibit J.  Court
13  Exhibit J is a summary of other evidence in the case
14  that's been received, all right?  And it was provided to
15  you as a summary for your ease and understanding the
16  presentation of the evidence.  Those kinds of exhibits
17  are not ordinarily sent to the jury.
18             The parties in this case have agreed that
19  since you've asked for the question -- that you've asked
20  for the exhibit that they have no objection to you
21  receiving the exhibit and taking a look at it.  But I'm
22  going to remind you that the actual evidence that's
23  before the jury are the underlying documents that relate
24  to the money wire transfers and that you should verify
25  that the information contained in the summary is correct

1  because ultimately you are the finders of fact, not the
2  person who prepared the exhibit, okay?
3              And so you can have it.  I'll send it back
4  with you when you return to your deliberations, but I
5  remind you that the actual evidence are the other
6  exhibits that were received rather than the summary.
7  And you should verify for yourself that the summary is
8  accurate.
9              Does anyone have any other questions about
10 any of that?  Does the United States wish the Court to
11 make any further instruction on this matter?
12             MS. LAWYER:  No, Your Honor.
13             THE COURT:  Does Mr. Lee?
14             MR. GOFF:  No, Your Honor.
15             THE COURT:  Mr. Royston?
16             MR. MOTTINGER:  No.
17             THE COURT:  Mr. Forest?
18             MR. LOOS:  No, Your Honor.
19             THE COURT:  Ms. Dietz?
20             MS. GOETZ:  No, Your Honor.
21             THE COURT:  You may resume your
22 deliberations and I'll make sure that the bailiff picks
23 up Exhibit J.
24             (12:10 p.m., Jury retires to deliberate.)
25             (12:25 p.m., In open court, no counsel or

1  the Defendants present, in the presence and hearing of
2  the jury:)
3              THE COURT:  We'll go back on the record in a
4  case entitled United States of America versus Ferris
5  Lee.  All of the parties have waived their appearance at
6  the admonition stage so if I talk to you when I take a
7  break they won't be here in all probability.
8              A couple of things I want to talk to you
9  about as you break for lunch.  You're not supposed to
10 talk about the case at all when you're not all together,
11 okay?  And so I suppose it's theoretically possible if
12 you go off to lunch together and you all sit down at a
13 single table that it would not be a violation of the law
14 to talk about the case, but I don't want that to happen
15 either.  Bottom line is don't talk about the case any
16 longer until everyone is present.  And when you come
17 back what will happen is when you're all here we'll take
18 you to the jury room and then you can recommence your
19 deliberations.  In the meantime don't discuss the case
20 with anyone, even amongst yourselves, unless everyone's
21 present.  Any questions about any of that?
22              (Jury indicating no.)
23              THE COURT:  Have a good lunch.  Thank you.
24              (Recess taken; 12:27 p.m. to 3:30 p.m.)
25              (3:30 p.m., In open court, all counsel and

1  the Defendants present, outside the presence and hearing
2  of the jury:)
3              THE COURT:  We're on the record in a case
4  entitled United States of America versus Ferris Lee, et
5  al.  It's file No. 3:09-cr-155-01.  Mr. Lee is present
6  along with Mr. Goff; Mr. Royston with Mr. Mottinger;
7  Mr. Forest with Mr. Loos; and Ms. Dietz with Ms. Goetz.
8  Mr. Myers and Ms. Lawyer appear on behalf of the United
9  States.
10             I have received two messages and ordinarily
11  I would not have troubled the counsel with these
12  messages but I think that under all the circumstances I
13  probably should.  The first one is:  We would like to
14  watch the video dated February 6th.  Can we pause the
15  video and may we be close to the screen.  Okay?  So
16  that's the first question.
17             And the second question is:  May we watch
18  the May 28, 2009 video.  Both of them are signed by the
19  jury foreperson, Arthur Grochow.  And obviously they've
20  asked to review the evidence.  I'm going to allow them
21  to do that, but I felt really that under all the
22  circumstances I ought to let you know that I'd gotten
23  the request.
24             Is there anything that the United States
25  wishes to bring before the Court?

```
1                 MR. MYERS:  No, Your Honor.
2                 THE COURT:  Mr. Goff?
3                 MR. GOFF:  No, Your Honor.
4                 THE COURT:  Mr. Mottinger?
5                 MR. MOTTINGER:  No, Your Honor.
6                 THE COURT:  Mr. Loos?
7                 MR. LOOS:  No, Your Honor.
8                 THE COURT:  Ms. Goetz?
9                 MS. GOETZ:  No, Your Honor.
10                THE COURT:  I think what we'll do is we'll
11   show those videos here in the courtroom.  What I'll do
12   is bring the jury in and direct them that they should
13   not discuss it while they're viewing the videos, that
14   Ms. Giauque will play them and if they want to like
15   freeze frame at some point she can do that.  But the
16   discussions have to take place in the jury room.  Is
17   that okay?
18                Are these on your computer, Ms. Wilson?
19                MS. WILSON:  Yeah, they are.
20                THE COURT:  Any objection if Miss Wilson,
21   under the supervision of Ms. Giauque, plays the video?
22   My point in that is we'll have no other employees of the
23   United States Attorney's Office present.  But it strikes
24   me that she probably is more familiar with the equipment
25   and able to operate it than Ms. Giauque would be able
```

```
 1   to.
 2              Any objection to that from the United
 3   States?
 4              MR. MYERS:  That's fine, Judge.
 5              THE COURT:  Mr. Goff?
 6              MR. GOFF:  As long as it's the same exhibit,
 7   no problem, Your Honor.
 8              MR. MOTTINGER:  That's fine.
 9              THE COURT:  Mr. Loos?
10              MR. LOOS:  As long as it's the same exhibit,
11   Your Honor, yes.
12              MS. GOETZ:  No objection.
13              THE COURT:  And we'll make sure that it's
14   the same exhibit before we play it.  We'll stand in
15   recess.  Why don't we go ahead and cue it up what we
16   need to run.  What I'll do is I'll bring the jury in.
17   I'll give them the admonition that they can't discuss
18   the case while the videos are being played other than to
19   direct that something should be either run back or
20   freeze framed.  And other than that I'll have nothing
21   else to say to them and I'll leave.  I won't be there.
22              MR. MOTTINGER:  Is it our understanding if
23   they don't have a verdict by 4:45 they're going to quit
24   for the day?
25              THE COURT:  That's what they've said.
```

```
 1                 MR. GOFF:  Unless they change their mind.
 2                 THE COURT:  Unless they change their minds,
 3    which I think that the 4:45 was because some of them
 4    have daycare issues.  Thank you.
 5                 (3:35 p.m., In open court, all counsel and
 6    the Defendants present, in the presence and hearing of
 7    the jury:)
 8                 THE COURT:  Ladies and gentlemen of the
 9    jury, we're back on the record in a case entitled United
10    States of America versus Lee, Royston, Forest and Dietz.
11    Each of the defendants is present with their counsel.
12    The United States appears through AUSA Mr. Myers and
13    Ms. Lawyer.  The jury's in the box.
14                 I've received two questions.  The first is:
15    We would like to watch the video dated February 6th.
16    Can we pause the video and may we be close to the
17    screen.  And the next is:  May we watch the May 28, 2009
18    video, both of which are signed by the jury foreperson.
19                 Ladies and gentlemen of the jury, what we'll
20    do is we'll have the exhibits played for you and we'll
21    play them on this screen in this courtroom.  You're free
22    to move as close as you want and to get as good a look
23    at it as you want.  There is only going to be really two
24    rules.  As you know all the deliberations of the jury
25    are secret and so you can't talk about the case while
```

```
 1   you're viewing the video, okay?  Because there will be
 2   court staff in here.  And instead what I want you to do
 3   is to watch the video.  If you want something run back
 4   and played over again ask for that.  You can ask as many
 5   times as you want.  If you want something freeze framed
 6   you can do that and ask for that as well.  But, like I
 7   said, you can't discuss the case or deliberate in this
 8   open meeting or open courtroom because that would be
 9   inappropriate.
10               Does that make sense to all of you?
11               (Jury indicating yes.)
12               THE COURT:  What I'm going to do is ask you
13   just to step back into the jury room while we get
14   everything set up and we figure out where we're at and
15   we'll have you back out here maybe in a minute or two,
16   okay?  All right.  Thank you.
17               (Jury excused momentarily, then brought back
18   into open court where the requested videos were played
19   for the jury.  Jury then resumed deliberations.)
20               (4:30 p.m., In open court, all counsel and
21   the Defendants not present, in the presence and hearing
22   of the jury:)
23               THE COURT:  We'll go on the record in a case
24   entitled United States of America versus Ferris Lee, et
25   al.  Ladies and gentlemen of the jury, I've been
```

1  informed that you wish to break for the day.  It's my
2  duty at this point to admonish you as I'm supposed to do
3  when you leave every day.  Yesterday you escaped but I
4  assume we're all okay.
5           Here's the rule:  You're not to discuss the
6  case while you're not here.  You're not to discuss the
7  case when the entire panel isn't present.  Finally, it
8  is my advice to you that you avoid watching anything on
9  TV or reading anything that may in any way influence
10 your decision-making process.  I'm informed that you
11 intend to recess until 9 o'clock tomorrow morning?
12          UNIDENTIFIED JUROR:  8:45.
13          THE COURT:  All right.  We'll resume at 8:45
14 and you're free to leave.  Thank you very much.
15          (Adjourned at 4:35 p.m.)