1              UNITED STATES DISTRICT COURT
                 DISTRICT OF NORTH DAKOTA
2                  SOUTHEASTERN DIVISION
- - - - - - - - - - - - - - - - - - -
3                                        )
United States of America,               )
4                                        )
              Plaintiff,                 )
5                                        )
         vs.                             ) **FILE NO. 3:09-cr-155-01**
6                                        )          **3:09-cr-155-02**
Ferris Lavelle Lee, a/k/a Vito,)                   **3:09-cr-155-04**
7  Marcus Jermaine Royston,             )          **3:09-cr-155-08**
a/k/a BD, Maurice M. Forest,            )
8  Jessica M. Dietz,                    )
                                         )
9              Defendants.               )
- - - - - - - - - - - - - - - - - - -
10

11

12

13            T R A N S C R I P T

14                    O F

15         P R O C E E D I N G S

16   **JURY TRIAL - VOLUME XIII  - MAY 28, 2010**

17            **Pages 2084-2121**

18

19

20

21

22  TAKEN AT: QUENTIN BURDICK UNITED STATES COURTHOUSE
              655 FIRST AVENUE NORTH
23            FARGO, NORTH DAKOTA  58102

24  BEFORE:  THE HONORABLE RALPH R. ERICKSON

25  COURT REPORTER:  KELLY A. KROKE

**A P P E A R A N C E S**

**MR. CHRISTOPHER C. MYERS**          **COUNSEL FOR PLAINTIFF;**
**MS. JULIE LAWYER**
Office of US Attorney
655 1st Avenue North, Ste. 250
Fargo, ND 58102

**MR. JOHN T. GOFF**          **COUNSEL FOR DEFENDANT LEE;**
Attorney at Law
4650 38th Avenue South, Ste. 110
Fargo, ND  58106

**MR. STEVEN D. MOTTINGER**   **COUNSEL FOR DEFENDANT ROYSTON;**
Attorney at Law
15 9th Street South
Fargo, ND  58102

**MR. JASON T. LOOS**          **COUNSEL FOR DEFENDANT FOREST;**
Attorney at Law
505 North Broadway, Ste. 208
Fargo, ND  58102

**MS. CAREY A. GOETZ**          **COUNSEL FOR DEFENDANT DIETZ;**
Attorney at Law
316 North 5th Street
Bismarck, ND  58503

**P R O C E E D I N G S**

(May 28, 2010:  The following proceedings commenced at 8:45 a.m.; In open court, all counsel and the Defendants not present, in the presence and hearing of the jury:)

THE COURT:  We're on the record in a case entitled United States of America versus Ferris Lee, et al.  It's file No. 3:09-cr-155.  The record should reflect that the defendants and the United States have waived their appearance here this morning.  At this point without having anyone to waive the polling of the jury, we will poll the jury.

THE CLERK:  For real?

THE COURT:  Yeah, for real.

THE CLERK:  Arthur Grochow?

FOREPERSON GROCHOW:  Here.

THE CLERK:  Dorothy Jorgenson?

JUROR JORGENSON:  Here.

THE CLERK:  Louise Tengwall?

JUROR TENGWALL:  Here.

THE CLERK:  Nancy Johnson?

JUROR N. JOHNSON:  Here.

THE CLERK:  Evelyn Sova?

JUROR SOVA:  Here.

THE CLERK:  Ashley Johnson?

1          JUROR A. JOHNSON:  Here.

2          THE CLERK:  John Olson?

3          JUROR OLSON:  Here.

4          THE CLERK:  Everlyn Anderson, Jr?

5          JUROR ANDERSON:  Here.

6          THE CLERK:  Christine Maddock?

7          JUROR MADDOCK:  Here.

8          THE CLERK:  Gregory Arthur?

9          JUROR ARTHUR:  Present.

10          THE CLERK:  Pamela Oberlander.

11          JUROR OBERLANDER:  Here.

12          THE CLERK:  And Ann Oksendal?

13          JUROR OKSENDAHL:  Here.

14          THE COURT:  It appears that all of the

15   jurors are present.  Ladies and gentlemen of the jury,

16   has anything happened to you since you were last here

17   that would affect your ability to be fair and impartial?

18          (Jury indicating no.)

19          THE COURT:  Has anyone spoken to you or

20   attempted to speak to you since we were last here?

21          (Jury indicating no.)

22          THE COURT:  You may return to the jury room

23   to continue your deliberations.

24          (Recess taken; 8:50 a.m. to 11:15 a.m.)

25          (11:15 a.m., In open court, all counsel and

```
 1    the Defendants present, outside the presence and hearing
 2    of the jury:)
 3              THE COURT:  We'll go on the record in a case
 4    entitled United States of America versus Ferris Lee,
 5    Marcus Royston, Maurice Forest and Jessica Dietz.  The
 6    record should reflect that Mr. Lee appears personally
 7    along with his counsel, Mr. Goff.  Mr. Royston appears
 8    personally along with his counsel, Mr. Mottinger.
 9    Mr. Forest appears personally along with his counsel,
10    Mr. Loos.  Ms. Dietz appears personally along with her
11    counsel, Ms. Goetz.  Mr. Myers and Ms. Lawyer appear on
12    behalf of the United States.
13              I have received a question from the jury.
14    The question reads as follows:  Is each defendant
15    reviewed independently to Indictment #1, Instruction #5?
16    There is a question, if someone, slash, everyone is
17    found guilty of a conspiracy do they each get separate
18    consideration in relation to 50 grams/500
19    grams/marijuana.  It's 50 grams, slash, 500 grams,
20    slash, marijuana (per instruction) or are we only
21    looking at 50 grams/500 grams as listed in the verdict
22    form?  Or to say otherwise if "conspiracy" is found for
23    everyone is 50 grams and/or everyone "500 grams" and/or
24    marijuana, question mark.  Arthur Grochow.
25              All right.  Here's what I know.  I took it
```

1  under advisement at the very beginning of the trial.

2  Mr. Myers' objection to including the quantities in the

3  essential elements, I told all of you that I was going

4  to take it out and then I never took it out.  And I read

5  it to them twice and nobody objected, probably because

6  my ruling wasn't all that plain, and it's the kind of

7  madness that judges sometimes undertake.  But I think

8  they've got that question.

9            I think their first question really is:  I'm

10  looking at your essential elements under Count One and

11  I'm looking at your instruction that the government

12  doesn't have to prove quantity and I'm confused.  I

13  think that's their first question.

14            I think their second question is:  Once we

15  get to anyone we have actually convicted of conspiracy,

16  do we consider the parties individually as to the 50

17  grams, the 500 grams and the marijuana?  And, of course,

18  the answer to the second question is that's when we know

19  the answer.  We know that the case law establishes that

20  a conspirator is only responsible for sentencing

21  purposes, and that's what we're talking about here, for

22  the quantity of drugs involved in the conspiracy that

23  was reasonably foreseeable in light of the conspirators'

24  agreement to participate in the conspiracy, right?  I

25  think that answer we know.

1          It's the first part that's really troubling

2     to me.  And I also would say the question is not a

3     clarity -- is not a picture of clarity because if you

4     read the question it's sort of like reading tea leaves.

5     But I do think that they have told us:  We can't figure

6     out 1 and 5 and how they fit together.

7          And so I'll read the question back to you

8     one more time just so you've all got it and maybe you'll

9     hear it a little differently than I did.  And then once

10    I'm done reading it I'll have the clerk circulate it to

11    you so that you can each read it for yourselves.

12          Is each defendant reviewed independently to

13    Indictment #1, Instruction #5, question mark.  There is

14    a question if someone, slash, everyone is found guilty

15    of conspiracy do they each get separate consideration in

16    relation to 50 grams, slash, 500 grams, slash, marijuana

17    per the instruction, that's in parentheses by the way,

18    or are we only looking at 50 grams, slash, 500 grams as

19    listed in the verdict form?  Or to say otherwise, if

20    "conspiracy" is found for everyone is everyone "50

21    grams" and, slash, or, everyone "500 grams" and, slash,

22    or, marijuana.  And actually there's a third question.

23          Having read this thing for the fourth time,

24    it appears to me that the third question is:  We dropped

25    marijuana off the verdict form and so do we worry about

1    it in the instruction or do we follow the verdict form?

2    And the answer to that I think is plainly follow the

3    verdict form.

4              In any event I'll have each of you take

5    however long you think to read it and then we'll talk

6    about where we should go from here.  If defense counsel

7    want an opportunity to talk to each other, I'm fine with

8    that, too.  What I'm going to do personally at this

9    point is leave and so if any of you guys want to talk

10   about anything either with the government or amongst

11   yourselves I'm good with that.  And we'll stand in

12   recess till you tell me that you're ready to go, all

13   right?  Thank you.

14             (Recess taken; 11:20 a.m. to 11:25 a.m.)

15             (11:25 a.m., In open court, all counsel and

16   the Defendants present, outside the presence and hearing

17   of the jury:)

18             THE COURT:  We're back on the record in a

19   case entitled United States of America versus Ferris

20   Lee, et al.  Each of the defendants is present along

21   with their counsel.  The AUSAs who have tried the case

22   are present as well.  We have a question from the jury.

23   We're outside the presence of the jury at this point.

24             Mr. Myers, does the United States have a

25   position?

1            MR. MYERS:  Yes, we do, Your Honor.  Our

2    recommendation as to how to answer this question would

3    be as follows:  One, reiterate the instruction that was

4    previously stated that sentencing is not to be

5    considered.  Secondly -- and I noticed in the verdict

6    form the Court -- when putting together the instruction

7    on the issue of quantity, there wasn't a typical

8    reasonable foreseeability phrase that is typically used.

9    So we would suggest something like the following:  To

10   determine drug quantity, the question to be asked is

11   whether it was reasonably foreseeable by the defendant

12   that the conspiracy, as a whole, involved either greater

13   than 50 grams of cocaine base and/or greater than 500

14   grams of a mixture containing the cocaine and/or

15   marijuana.  I think that makes it more clear and is an

16   accurate statement of the law.

17            THE COURT:  All right.  Mr. Goff?

18            MR. GOFF:  Your Honor, Defendant Ferris Lee

19   would object to any modification of the instructions as

20   previously given and submitted to the jury and would ask

21   that the jury simply be advised that they have been

22   given the instructions.  The instructions are the law in

23   the case and that they should take those instructions

24   that they have already been given and decide the case.

25            THE COURT:  Mr. Mottinger?

1          MR. MOTTINGER:  That is our position as

2     well.

3          THE COURT:  Mr. Loos?

4          MR. LOOS:  That's my position as well, Your

5     Honor.  And I'd add that I don't see any need to re-read

6     the instruction on sentencing.  I don't see anything

7     about sentencing in the question, Your Honor.

8          MS. GOETZ:  I would join with my colleagues

9     with regard to the instructions are the instructions.

10    And I agree with Mr. Loos as far as sentencing.  I mean,

11    I know that we know that this deals with sentencing, but

12    I don't get from them that they understand that the 50,

13    500, marijuana deals with sentencing.  So I don't know

14    that it's necessary to bring the sentencing aspect up.

15         THE COURT:  All right.  I want to get this

16    all right so I understand what the defendants' position

17    is exactly, okay?  Because what I'm hearing is we do

18    what we do in most cases and, that is, we tell them read

19    the instructions, answer the questions and don't worry

20    about it, all right?

21         It's pretty clear to me that they have asked

22    the question as to whether or not they ought to

23    deliberate individually for each of the defendants as to

24    quantity.  And it also seems to me that the law is

25    pretty clear that each individual is to be considered

1    separately as to the quantity that would be reasonably

2    foreseeable from the point of view at that party, okay?

3    And it's hard for me to imagine, but you guys may be

4    saying this, that you want to hitch your wagons all

5    together in one big long row and just say:  Okay, just

6    deliberate away.

7              I'm not sure that I quite understand that.

8    But my concern about that is that let's say you're one

9    of the people that really is tied to very few drugs in

10   this conspiracy.  You might not be very happy to be just

11   sort of lumped in with everybody else.  I mean, they're

12   kind of asking if we find one person guilty do we find

13   them all guilty on the quantity?

14             MR. GOFF:  Your Honor, just to be clear, the

15   Court does understand Mr. Lee's position.  We'd ask that

16   the jury be advised that they have been given the

17   instructions.  The instructions are the law in the case

18   and be asked to determine the case based on that.

19   That's our position, Your Honor.

20             DEFENDANT ROYSTON:  I got a question.

21             THE COURT:  Ask away.

22             DEFENDANT ROYSTON:  In the instructions --

23   isn't it read out in the instructions that they are to

24   look at each individual independently?

25             THE COURT:  It is.  What I'm telling you

1    is -- read what it says after "or to say."  And that

2    looks to me to be a very clear if A is true do we

3    automatically find B?  And the answer to that is

4    colossally no.  B must be considered separately as to

5    each individual defendant.

6                    DEFENDANT ROYSTON:  So if I get this

7    straight then the conspiracy and the weight amounts

8    ought to be considered separately for each individual,

9    right?

10                   THE COURT:  They're supposed to be.  And I'm

11   reading that question and wondering if the jury gets

12   that.  And if the jury doesn't get that we should tell

13   them that.

14                   DEFENDANT ROYSTON:  Yeah.

15                   THE COURT:  I think that the elements that

16   we've given are frankly the law of the case we gave

17   them.  Nobody objected to them.  What I wished I would

18   have done, what I should have done, is really pretty

19   irrelevant at this point.  It places a higher burden on

20   the government than what they would have had otherwise.

21   And so I think there's no harm in it to the defendants,

22   okay?  But I think there's harm in letting them

23   deliberate on the quantity without clarifying it.

24   That's my thought.

25                   Now, you know, there's also strategic

1    reasons that you might want to talk with your lawyers

2    about as to why you might insist on persisting in the

3    position that you've taken and that Mr. Goff has taken.

4    I think that Mr. Goff has made a tactical decision at

5    this point that Mr. Lee wants it to go the way it is.

6              MR. LOOS:  Your Honor, Mr. Forest has

7    indicated he wants some sort of clarification regarding

8    the last sentence anyway to clarify that they do need to

9    put an amount on each separate defendant.

10              THE COURT:  Ms. Goetz?

11              MS. GOETZ:  We join with Mr. Loos's position

12   as far as --

13              MR. MOTTINGER:  Your Honor, I would agree

14   but I would strenuously resist having the Court re-read

15   the penalty instruction.

16              THE COURT:  I'm not going to re-read any

17   instructions.  I'm going to just point to the whole

18   instruction -- to the instructions as a whole, reconcile

19   them to the best of their ability.  They do constitute

20   the law of the case at this point.  Like I said, I think

21   they place a higher burden on the government than what

22   the law would actually do.  It holds them to the burden

23   of their Indictment.  I think it takes away your

24   argument that there's an unlawful variance between the

25   Indictment and the instructions or at least greatly

1   diminishes it because, you know, that's the way that is.

2   But I think we've got to answer something.

3               I'm going to write something though

4   considering how -- the great success I've had

5   instructing these folks so far and when I get something

6   written I'll bring it back.  After you've had a chance

7   to read it, we'll talk about it.  Thank you.

8               (Recess taken; 11:35 a.m. to 12:00 noon)

9               (12:00 noon, In open court, all counsel and

10  the Defendants present, outside the presence and hearing

11  of the jury:)

12              THE COURT:  We're back on the record in a

13  case entitled United States versus Lee, Royston, Forest

14  and Dietz.  Each of the defendants are present along

15  with their counsel of record.  Counsel of record for the

16  United States appears as well.

17              Mr. Myers, any objection to the proposed

18  answer?

19              MR. MYERS:  No, Your Honor.

20              THE COURT:  Mr. Goff, do you persist in your

21  objection to the answer?

22              MR. GOFF:  Yes, Your Honor.  And I've

23  discussed it with my client and we agree jointly that

24  the jury should be instructed that they have been

25  instructed and that's the law.

1            THE COURT:  Mr. Mottinger?

2            MR. MOTTINGER:  Your Honor, I've reviewed

3     the question again a couple times with Mr. Royston and

4     the Court's answer.  We're satisfied with the Court's

5     answer to the question.

6            THE COURT:  Thank you.  Mr. Loos?

7            MR. LOOS:  I have no objection to this.

8            THE COURT:  Thank you.  Ms. Goetz?

9            MR. GOETZ:  I have no objection.

10            THE COURT:  Let's go ahead and bring the

11     jury in.

12            (12:05 p.m., In open court, all counsel and

13     the Defendants present, in the presence and hearing of

14     the jury:)

15            THE COURT:  We're back on the record in a

16     case entitled United States versus Ferris Lee, Marcus

17     Royston, Maurice Forest and Jessica Dietz.  Mr. Lee

18     appears personally along with his counsel, Mr. Goff.

19     Mr. Royston appears with his counsel, Mr. Mottinger.

20     Mr. Forest appears with his counsel, Mr. Loos.

21     Ms. Dietz appears with her counsel, Ms. Goetz.

22     Mr. Myers and Ms. Lawyer appear on behalf of the United

23     States.

24            The Court's received a question from the

25     jury.  It reads as follows:  Is each defendant reviewed

1    independently to Indictment #1, Instruction #5?  There

2    is a question if someone, slash, everyone is found

3    guilty of conspiracy do they each get separate

4    consideration in relation to 50 grams, slash, 500 grams,

5    slash, marijuana, paren, per instruction, closed paren,

6    or are we only looking at 50 grams, slash, 500 grams as

7    listed in the Verdict Form?  Or to say otherwise, if,

8    quote, conspiracy, end quote, is found for everyone is

9    everyone, quote, 50 grams, end quote, and/or everyone,

10   quote, 500 grams, end quote, and/or marijuana, question

11   mark, and it's signed by Arthur Grochow.

12                "Ladies and Gentlemen of the jury, you

13   should read the instructions and follow the jury verdict

14   form.  I also further instruct you as follows:

15                "When considering drug quantities, each

16   individual who has been found guilty of the conspiracy

17   must be considered individually.  A conspirator is

18   responsible only for the drugs involved in the

19   conspiracy that he was either (1) personally aware of or

20   which were (2) reasonably foreseeable to him in light of

21   his agreement to participate in the conspiracy.  An

22   individual conspirator is not responsible for any

23   quantity of drugs that he did not know about and which

24   were not reasonably foreseeable to him.  It is not

25   necessary, however, that the conspirator have actual

```
 1    knowledge of the quantity; rather, it is only required
 2    that the quantity be reasonably foreseeable to him in
 3    light of all the circumstances of which he was aware."
 4              Does the United States have any objection to
 5    sending the written instruction back with the jury?
 6              MR. MYERS:  No, Your Honor.
 7              THE COURT:  Mr. Goff, beyond what you've
 8    already stated?
 9              MR. GOFF:  No, Your Honor.
10              THE COURT:  Mr. Mottinger?
11              MR. MOTTINGER:  I would object to the new
12    instruction going back.  The question has been answered.
13              THE COURT:  Mr. Loos?
14              MR. LOOS:  I'd join Mr. Mottinger's
15    objection.
16              MS. GOETZ:  I join as well.
17              THE COURT:  Okay.  I'll not send it back
18    with them in light of the objections.
19              Ladies and gentlemen of the jury, does that
20    answer your question?
21              FOREPERSON GROCHOW:  Yes.
22              THE COURT:  You may return.  I understand --
23              FOREPERSON GROCHOW:  Judge, we want to break
24    for lunch if we may.
25              THE COURT:  You may break for lunch if you
```

```
 1    wish.  And what time would you like to --
 2                FOREPERSON GROCHOW:  1 o'clock.
 3                THE COURT:  Ladies and gentlemen of the
 4    jury, you're not to discuss the case unless all jurors
 5    are present.  Please keep an open mind consistent with
 6    the point where you are at in your deliberations.
 7    Return at 1 o'clock.  Thank you.
 8                (Jury excused.)
 9                (In open court, all counsel and the
10    Defendants present, outside the presence and hearing of
11    the jury:)
12                THE COURT:  Anything anyone wants to put on
13    the record?  Just a second.  Please be seated.  We're
14    back on the record outside the presence of the jury.
15    The defendants are present along with their counsel.
16    U.S. attorneys are present as well.
17                Mr. Mottinger, your client wishes to put
18    something on the record?
19                MR. MOTTINGER:  I believe so.
20                THE COURT:  All right.  Mr. Royston?
21                DEFENDANT ROYSTON:  From what I take it, I
22    need to be clarified on this, but did you just give them
23    a new instruction opposed to the one that they already
24    had?  Because that's what it kind of sounded like to me,
25    like you instructed them as to something new as opposed
```

1    to what they already had.

2            THE COURT:  They had no instruction on the

3    issue of how do you deliberate on quantity, and I gave

4    them a new instruction on quantity that says that each

5    of you must be considered separately from the others and

6    that you can only be responsible individually for the

7    drugs that were reasonably foreseeable to you, all

8    right?  So that's what I told them.  And that is a new

9    instruction that I had not previously given them.

10            DEFENDANT ROYSTON:  Oh, see, and I was

11    against that.  I wanted them to just go off with the

12    instructions that they already had.  I didn't know you

13    was going to come out here and give them a whole new

14    instruction.  I thought that you was just going to tell

15    them that they just have to weigh us all individually,

16    but given this whole new -- didn't you just hear the man

17    say it was a new instruction?

18            THE COURT:  Right.

19            DEFENDANT ROYSTON:  This wasn't in the

20    original instruction.

21            THE COURT:  Yeah.  Here's the story:  They

22    asked a question whether if they found one of you guilty

23    and that there was 50 grams of cocaine involved or 500

24    grams of -- 50 grams of cocaine base involved or 500

25    grams of cocaine involved, whether everyone was guilty.

1    We answered their instruction saying:  No, you have to

2    consider everyone separately.

3              Now if you would have preferred to have it

4    the other way that's fine.  I never would have done

5    that.  I gave the instruction.  If you'd have objected

6    I'd have done the same thing I did because, frankly, I'm

7    not letting this jury decide that, you know, we find A

8    to be true; that is, we find more than 50 grams of

9    cocaine base were true as to one defendant that every

10   defendant gets to be guilty as a result of that.

11   That's not the law.  It's not fair.  It's not just.

12   I'm not going to do that.

13             And what I did is I answered their question.

14   I gave them a different instruction than what I'd given

15   before.  It's an issue that if it needs to be decided by

16   somebody at this point I've made my decision.

17   Depending on the outcome, the Court of Appeals can

18   decide whether I did it right or wrong, okay?

19             MR. GOFF:  Your Honor?

20             THE COURT:  Yes.

21             MR. GOFF:  Ordinarily we don't get the

22   questions.  Do you want those back?

23             THE COURT:  They're a matter of public

24   record in this Court because the copies of the questions

25   are attached to the clerk's minutes anyhow.  So you

1    don't need to turn it back.

2                   MR. GOFF:  Very well, thank you.

3                   THE COURT:  All right.  Thank you.

4                   (Recess taken; 12:10 p.m. to 2:20 p.m.)

5                   (2:20 p.m., In open court, all counsel and

6    the Defendants present, outside the presence and hearing

7    of the jury:)

8                   THE COURT:  We'll go on the record in a case

9    entitled United States of America versus Ferris Lee, et

10   al.  The record should reflect that each of the

11   defendants is present along with their counsel of

12   record, and the United States attorneys of record appear

13   as well.  I have received a question from the jury.  It

14   2eads as follows:  On the verdict form under the list of

15   people on the last page it has Rashad, quote, Rob, end

16   quote, Johnson.  Is this the same as Rashad, quote, Rob

17   Jackson, Arthur Grochow.

18                   And the answer to that question is

19   definitely yes because that's a typographical error that

20   we caught in three places and missed in one.  And so

21   that's the story to that.  I'm inclined to just simply

22   send them a written note back that says this:  Quote,

23   the answer to your question is "yes."  Dated this 28th

24   day of May, 2010, Ralph R. Erickson, Chief District

25   Judge.  And then I think we should stay here for a

```
 1    minute because if that's where they're at on the verdict
 2    form I suspect they don't have much longer to go.
 3                   Any objection from the United States?
 4                   MR. MYERS:  No, Your Honor.
 5                   THE COURT:  From the defense, Mr. Goff?
 6                   MR. GOFF:  No objection, Your Honor?
 7                   THE COURT:  Mr. Mottinger?
 8                   MR. MOTTINGER:  No.
 9                   THE COURT:  Mr. Loos?
10                   MR. LOOS:  No, Your Honor.
11                   THE COURT:  Ms. Goetz?
12                   MS. GOETZ:  No objection.
13                   THE COURT:  Go ahead and bring the note to
14    them.
15                   (Recess taken; 2:25 p.m. to 2:35 p.m.)
16                   (2:35 p.m., In open court, all counsel and
17    the Defendants present, in the presence and hearing of
18    the jury:)
19                   THE COURT:  Good afternoon.  We'll go on the
20    record in a case entitled United States of America
21    versus Ferris Lee, Marcus Royston, Maurice Forest and
22    Jessica Dietz.  The record should reflect that Mr. Lee
23    appears personally along with his counsel, Mr. Goff;
24    Mr. Royston along with his counsel, Mr. Mottinger;
25    Mr. Forest along with his counsel, Mr. Loos; Ms. Dietz
```

1    along with her counsel Mr. -- Ms. Goetz.  Mr. Myers and

2    Ms. Lawyer appear on behalf of the United States.  The

3    jury's in the box.

4            The Court's informed that the jury has

5    concluded their deliberations.  Have you reached a

6    verdict?

7            FOREPERSON GROCHOW:  Yes, we have.

8            THE COURT:  Could you hand it to the

9    bailiff, please.

10           FOREPERSON GROCHOW:  (Indicating.)

11           THE COURT:  I'm going to direct the clerk to

12   read the verdict at this point.  In light of its length,

13   the defendants may remain seated, and you may be seated

14   if you'd prefer.

15           THE CLERK:  In the United States District

16   Court for the District of North Dakota Southeastern

17   Division

18           United States of America, Plaintiff, vs.

19   Ferris Lavelle Lee, also known as Vito; Marcus Jermaine

20   Royston, also known as BD; Maurice Forest; and Jessica

21   Marie Dietz, Defendants.  Criminal No. 3:09-cr-155.

22           VERDICT FORM Count One:  We, the jury, find

23   the defendant, Ferris Lavelle Lee, also known as Vito,

24   guilty of the offense of conspiracy to possess with

25   intent to distribute and distribute a controlled

1    substance, as charged in Count One of the Indictment.

2              If you find the defendant, Ferris Lavelle

3    Lee, guilty of conspiracy to possess with intent to

4    distribute and distribute a controlled substance, as

5    charged in Count One of the Indictment, do you

6    unanimously agree, by proof beyond a reasonable doubt,

7    that the quantity of a mixture and substance containing

8    cocaine base, which was the subject of the conspiracy,

9    was in excess of 50 grams?  Answer, yes.

10             If you find the defendant, Ferris Lavelle

11   Lee, guilty of conspiracy to possess with intent to

12   distribute and distribute a controlled substance, as

13   charged in Count One of the Indictment, do you

14   unanimously agree, by proof beyond a reasonable doubt,

15   that the quantity of a mixture and substance containing

16   cocaine, which was the subject of the conspiracy, was in

17   excess of 500 grams?  Answer, yes.

18             We, the jury, find the defendant, Marcus

19   Royston, also known as BD, guilty of the offense of

20   conspiracy to possess with intent to distribute and

21   distribute a controlled substance, as charged in Count

22   One of the Indictment.  If you find the defendant,

23   Marcus Royston, guilty of conspiracy to possess with

24   intent to distribute and distribute a controlled

25   substance, as charged in Count One of the Indictment, do

you unanimously agree, by proof beyond a reasonable
doubt, that the quantity of a mixture and substance
containing cocaine base, which was the subject of the
conspiracy, was in excess of 50 grams?  Answer, yes.

If you find the defendant, Marcus Royston,
guilty of conspiracy to possess with intent to
distribute and distribute a controlled substance, as
charged in Count One of the Indictment, do you
unanimously agree, by proof beyond a reasonable doubt,
that the quantity of a mixture and substance containing
cocaine, which was the subject of the conspiracy, was in
excess of 500 grams?  Answer, no.

We, the jury, find the defendant, Maurice
Forest, guilty of the offense of conspiracy to possess
with intent to distribute and distribute a controlled
substance, as charged in Count One of the Indictment.
If you find the defendant, Maurice Forest, guilty of
conspiracy to possess with intent to distribute and
distribute a controlled substance, as charged in Count
One of the Indictment, do you unanimously agree, by
proof beyond a reasonable doubt, that the quantity of a
mixture and substance containing cocaine base, which was
the subject of the conspiracy, was in excess of 50
grams?  Answer, no.

If you find the defendant, Maurice Forest,

1  guilty of conspiracy to possess with intent to

2  distribute and distribute a controlled substance, as

3  charged in Count One of the Indictment, do you

4  unanimously agree, by proof beyond a reasonable doubt,

5  that the quantity of a mixture and substance containing

6  cocaine, which was the subject of the conspiracy, was in

7  excess of 500 grams?  Answer, no.

8            We, the jury, find the defendant, Jessica

9  Dietz, not guilty of the offense of conspiracy to

10 possess with intent to distribute and distribute a

11 controlled substance, as charged in Count One of the

12 Indictment.

13           Aiding and abetting:  We, the jury, find the

14 defendant, Ferris Lavelle Lee, also known as Vito,

15 guilty of the offense of aiding and abetting the crime

16 of conspiracy to possess with intent to distribute and

17 distribute a controlled substance, as charged in Count

18 One of the Indictment.

19           If you find the defendant, Ferris Lavelle

20 Lee, guilty of aiding and abetting a conspiracy to

21 possess with intent to distribute and distribute a

22 controlled substance, as charged in Count One of the

23 Indictment, do you unanimously agree, by proof beyond a

24 reasonable doubt, that the quantity of a mixture and

25 substance containing cocaine base, which was the subject

of the aiding and abetting, was in excess of 50 grams?
Answer, yes.

If you find the defendant, Ferris Lavelle
Lee, guilty of aiding and abetting a conspiracy to
possess with intent to distribute and distribute a
controlled substance, as charged in Count One of the
Indictment, do you unanimously agree, by proof beyond a
reasonable doubt, that the quantity of a mixture and
substance containing cocaine, which was the subject of
the aiding and abetting, was in excess of 500 grams?
Answer, yes.

We, the jury, find the defendant, Marcus
Royston, also known as BD, guilty of the offense of
aiding and abetting the crime of conspiracy to possess
with intent to distribute and distribute a controlled
substance, as charged in Count One of the Indictment.

If you find the defendant, Marcus Royston,
guilty of aiding and abetting a conspiracy to possess
with intent to distribute and distribute a controlled
substance, as charged in Count One of the Indictment, do
you unanimously agree, by proof beyond a reasonable
doubt, that the quantity of a mixture and substance
containing cocaine base, which was the subject of the
aiding and abetting, was in excess of 50 grams?  Answer,
yes.

1          If you find the defendant, Marcus Royston,

2    guilty of aiding and abetting a conspiracy to possess

3    with intent to distribute and distribute a controlled

4    substance, as charged in Count One of the Indictment, do

5    you unanimously agree, by proof beyond a reasonable

6    doubt, that the quantity of a mixture and substance

7    containing cocaine, which was the subject of aiding and

8    abetting, was in excess of 500 grams?  Answer, no.

9          We, the jury, find the defendant, Maurice

10   Forest, guilty of the offense of aiding and abetting a

11   crime of conspiracy to possess with intent to distribute

12   and distribute a controlled substance, as charged in

13   Count One of the Indictment.

14         If you find the defendant, Maurice Forest,

15   guilty of aiding and abetting a conspiracy to possess

16   with intent to distribute and distribute a controlled

17   substance, as charged in Count One of the Indictment, do

18   you unanimously agree, by proof beyond a reasonable

19   doubt, that the quantity of the mixture and substance

20   containing cocaine base, which was the subject of the

21   aiding and abetting, was in excess of 50 grams?  Answer,

22   yes.

23         If you find the defendant, Maurice Forest,

24   guilty of aiding and abetting a conspiracy to possess

25   with intent to distribute and distribute a controlled

substance, as charged in Count One of the Indictment, do you unanimously agree, by proof beyond a reasonable doubt, that the quantity of a mixture and substance containing cocaine, which was the subject of the aiding and abetting, was in excess of 500 grams?  Answer, no.

We, the jury, find the defendant, Jessica Dietz, not guilty.

Count Two - aiding and abetting:  We, the jury, find the defendant, Ferris Lavelle Lee, also known as Vito, guilty of the offense of aiding and abetting the crime of distribution of a controlled substance, as charged in Count Two of the Indictment.

Count Three - aiding and abetting:  We, the jury, find the defendant, Ferris Lavelle Lee, also known as Vito, guilty of the offense of aiding and abetting the crime of distribution of a controlled substance, as charged in Count Three of the Indictment.

Count Four - aiding and abetting:  We, the jury, find the defendant, Ferris Lavelle Lee, also known as Vito, guilty of the offense of aiding and abetting the crime of distribution of a controlled substance, as charged in Count Four of the Indictment.

Count Five:  We, the jury, find the defendant, Ferris Lavelle Lee, also known as Vito, guilty of the offense of distribution of a controlled

1   substance, as charged in Count Five of the Indictment.

2            Aiding and abetting:  We, the jury, find the

3   defendant, Ferris Lavelle Lee, also known as Vito,

4   guilty of the offense of aiding and abetting the crime

5   of distribution of a controlled substance, as charged in

6   Count Five of the Indictment.

7            Count Six - aiding and abetting:  We, the

8   jury, find the defendant, Ferris Lavelle Lee, also known

9   as Vito, guilty of the offense of aiding and abetting

10  the crime of distribution of a controlled substance, as

11  charged in Count Six of the Indictment.

12           Count Seven - aiding and abetting:  We, the

13  jury, find the defendant, Ferris Lavelle Lee, also known

14  as Vito, guilty of the offense of aiding and abetting

15  the crime of distribution of a controlled substance, as

16  charged in Count Seven of the Indictment.

17           Count Eight:  We, the jury, find the

18  defendant, Ferris Lavelle Lee, also known as Vito,

19  guilty of the offense of distribution of a controlled

20  substance, as charged in Count Eight of the Indictment.

21           Aiding and abetting:  We, the jury, find the

22  defendant, Ferris Lavelle Lee, also known as Vito,

23  guilty of the offense of aiding and abetting the crime

24  of distribution of a controlled substance, as charged in

25  Count Eight of the Indictment.

1          Count Nine:  We, the jury, find the
2    defendant, Ferris Lavelle Lee, also known as Vito,
3    guilty of the offense of distribution of a controlled
4    substance, as charged in Count Nine of the Indictment.
5          Aiding and abetting:  We, the jury, find the
6    defendant, Ferris Lavelle Lee, also known as Vito,
7    guilty of the offense of aiding and abetting the crime
8    of distribution of a controlled substance, as charged in
9    Count Nine of the Indictment.
10         Count Ten:  We, the jury, find the
11   defendant, Ferris Lavelle Lee, also known as Vito,
12   guilty of the offense of distribution of a controlled
13   substance, as charged in Count Ten of the Indictment.
14         Aiding and abetting:  We, the jury, find the
15   defendant, Ferris Lavelle Lee, also known as Vito,
16   guilty of the offense of aiding and abetting the crime
17   of distribution of a controlled substance, as charged in
18   Count Ten of the Indictment.
19         Count Eleven:  We, the jury, find the
20   defendant, Ferris Lavelle Lee, also known as Vito,
21   guilty of the offense of distribution of a controlled
22   substance, as charged in Count Eleven of the Indictment.
23         We, the jury, find the defendant, Maurice
24   Forest, guilty of the offense of distribution of a
25   controlled substance, as charged in Count Eleven of the

1    Indictment.

2              Aiding and abetting:  We, the jury, find the

3    defendant, Ferris Lavelle Lee, also known as Vito,

4    guilty of the offense of aiding and abetting the crime

5    of distribution of a controlled substance, as charged in

6    Count Eleven of the Indictment.

7              We, the jury, find the defendant, Maurice

8    Forest, guilty of the offense of aiding and abetting the

9    crime of distribution of a controlled substance, as

10   charged in Count Eleven of the Indictment.

11             Count Twelve:  We, the jury, find the

12   defendant, Ferris Lavelle Lee, also known as Vito,

13   guilty of the offense of distribution of a controlled

14   substance, as charged in Count Twelve of the Indictment.

15             We, the jury, find the defendant, Marcus

16   Royston, also known as BD, guilty of the offense of

17   distribution of a controlled substance, as charged in

18   Count Twelve of the Indictment.

19             Aiding and abetting:  We, the jury, find the

20   defendant, Ferris Lavelle Lee, also known as Vito,

21   guilty of the offense of aiding and abetting the crime

22   of distribution of a controlled substance, as charged in

23   Count Twelve of the Indictment.

24             We, the jury, find the defendant, Marcus

25   Royston, also known as BD, guilty of the offense of

1    aiding and abetting the crime of distribution of a

2    controlled substance, as charged in Count Twelve of the

3    Indictment.

4             Count Thirteen:  We, the jury, find the

5    defendant, Ferris Lavelle Lee, also known as Vito, not

6    guilty of the offense of employment or use of person

7    under 18 years of age in a drug operation, as charged in

8    Count Thirteen of the Indictment.

9             Count Fourteen:  We, the jury, find the

10   defendant, Ferris Lavelle Lee, also known as Vito,

11   guilty of the offense of continuing criminal enterprise,

12   as charged in Count Fourteen of the Indictment.

13            If you find the defendant, Ferris Lavelle

14   Lee, guilty of continuing criminal enterprise, as

15   charged in Count Fourteen, please answer the following

16   questions:

17            No. 1, from the following list, indicate

18   which of the alleged violations that you unanimously

19   agree, by proof beyond a reasonable doubt, constituted

20   the series of three or more related felony violations of

21   the federal controlled substance laws:

22            Answer, (A), conspiracy to possess with

23   intent to distribute and distribute a controlled

24   substance as charged in Count One;

25            (B), aiding and abetting the distribution of

1   a controlled substance as charged in Count Two;

2              (C), aiding and abetting the distribution of

3   a controlled substance as charged in Count Three;

4              (D), aiding and abetting the distribution of

5   a controlled substance as charged in Count Four;

6              (E), distribution of a controlled substance

7   as charged in Count Five;

8              (F), aiding and abetting the distribution of

9   a controlled substance as charged in Count Six;

10             (G), aiding and abetting the distribution of

11   a controlled substance as charged in Count Seven;

12             (H), distribution of a controlled substance

13   as charged in Count Eight;

14             (I), distribution of a controlled substance

15   as charged in Count Nine;

16             (J), distribution of a controlled substance

17   as charged in Count Ten;

18             (K), distribution of a controlled substance

19   as charged in Count Eleven;

20             (L), distribution of a controlled substance

21   as charged in Count Twelve;

22             No. 2:  From the following list, indicate

23   which five or more persons that you unanimously agree,

24   by proof beyond a reasonable doubt, that the defendant

25   organized, supervised, or managed in furtherance of the

1 continuing criminal enterprise:

2     Answers:  Jake Northern, also known as JB;

3 Tara Bauer; Tambi Bishop; Jonathan Jason McClarin, also

4 known as Jay; Herbert Brown; Lloyd Johnson; Marcus

5 Royston; Rashad "Rob" Johnson Jackson; Maurice Forest,

6 Shannon Harjo, Casey Peterson.

7     Dated this 28th day of May, 2010, signed by

8 Arthur Grochow, the jury foreperson, and the

9 certification is signed by all 12 members of the jury.

10     THE COURT:  Thank you.  Ms. Dietz, if you'd

11 please stand.  The jury having returned a verdict of not

12 guilty, it is the order of the Court that the Indictment

13 against Ms. Dietz be dismissed; that she be exonerated

14 and you're free to leave as soon as the proceedings are

15 closed.  Thank you.

16     Ladies and gentlemen of the jury, is this

17 your verdict so say you one so say you all?

18     (Jury indicating yes.)

19     THE COURT:  And at this point I'm going to

20 direct that the jury be polled.

21     THE CLERK:  Arthur Grochow, is this your

22 verdict as I have read?

23     FOREPERSON GROCHOW:  Yes.

24     THE CLERK:  Dorothy Jorgenson, is this your

25 verdict as I have read?

```
 1                    JUROR JORGENSON:  Yes.

 2                    THE CLERK:  Louise Tengwall, is this your

 3      verdict as I have read?

 4                    JUROR TENGWALL:  Yes.

 5                    THE CLERK:  Nancy Johnson, is in your

 6      verdict as I have read?

 7                    JUROR N. JOHNSON:  Yes.

 8                    THE CLERK:  Evelyn Sova, is this your

 9      verdict as I have read?

10                    JUROR SOVA:  Yes.

11                    THE CLERK:  Ashley Johnson, is this your

12      verdict as I have read?

13                    JUROR A. JOHNSON:  Yes.

14                    THE CLERK:  John Olson, is this your verdict

15      as I have read?

16                    JUROR OLSON:  Yes.

17                    THE CLERK:  Everlyn Anderson, Jr., is this

18      your verdict as I have read?

19                    JUROR ANDERSON:  Yes.

20                    THE CLERK:  Christine Maddock, is this your

21      verdict as I have read?

22                    JUROR MADDOCK:  Yes.

23                    THE CLERK:  Gregory Arthur, is this your

24      verdict as I have read?

25                    JUROR ARTHUR:  Yes.
```

1          THE CLERK:  Pamela Oberlander, is this your

2   verdict as I have read?

3          JUROR OBERLANDER:  Yes.

4          THE CLERK:  Ann Oksendal, is this your

5   verdict as I have read?

6          JUROR OKSENDAL:  Yes.

7          THE COURT:  Thank you.  It appears to be

8   unanimous.  Ladies and gentlemen of the jury, I want to

9   thank you very much for your time during these past

10  weeks.  Without your willingness to serve, our system of

11  justice would not function.  You're free to leave at

12  this time so thank you.

13          (Jury released.)

14          (In open court, all counsel and the

15  Defendants present, outside the presence and hearing of

16  the jury:)

17          THE COURT:  We're back on the record in a

18  case entitled United States of America versus Ferris

19  Lee, Marcus Royston and Maurice Forest.  It's file

20  No. 3:09-cr-155.  Each defendant appears personally

21  along with their counsel.  Ms. Dietz, who's been

22  exonerated, appears personally as well as her lawyer,

23  Ms. Goetz.

24          The Court will order that a Presentence

25  Investigation Report be prepared in this matter, that

1    the original be lodged with the Court, that copies be

2    made available for -- that copies be made available to

3    the parties.  Any objections, corrections or exceptions

4    ought to be raised consistent with the rule and with the

5    local practice.

6              We will set the sentencing hearing in these

7    matters for Monday, August the 30th, 2010.  We'll set

8    them on as follows:  We'll take Mr. Lee's sentencing up

9    at 11 o'clock a.m.  We'll take Mr. Royston's sentencing

10   up at 2:15, and we will take Mr. Forest's sentencing up

11   at 3 o'clock.

12             Is there anything further to come before the

13   Court from the United States?

14             MR. MYERS:  No, Your Honor.

15             THE COURT:  From Mr. Lee, Mr. Goff?

16             MR. GOFF:  No, Your Honor.

17             THE COURT:  From Mr. Royston, Mr. Mottinger?

18             MR. MOTTINGER:  No, sir.

19             THE COURT:  And from Mr. Forest, Mr. Loos?

20             MR. LOOS:  No, Your Honor.

21             THE COURT:  We will stand in recess in this

22   matter until Monday, August 30th, 2010, at the times

23   indicated.

24             (Adjourned at 3:00 p.m.)

25

1                    **CERTIFICATE OF REPORTER**

2              I, Kelly A. Kroke, a duly appointed

3    Registered Professional Reporter;

4                DO HEREBY CERTIFY that I reported in

5    shorthand the foregoing proceedings had and made a

6    record at the time and place indicated.

7                I DO HEREBY FURTHER CERTIFY that the

8    foregoing and attached (2,121) typewritten pages contain

9    an accurate transcript of my shorthand notes then and

10   there taken.

11               Dated this 15th day of January, 2011.

12

13

14

15

16

17               /s/ Kelly A. Kroke
                 KELLY A. KROKE - RPR, RMR
18               United States District Court Reporter
                 District of North Dakota
19               Southeastern Division

20

21

22

23

24

25