**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, | ) |
| | ) **ORDER** |
| Plaintiff, | ) |
| | ) Case No. 3:09-cr-155 |
| vs. | ) |
| | ) |
| Ferris Lavelle Lee, a/k/a/ Vito, | ) |
| | ) |
| Defendant. | ) |

On November 24, 2021, Ferris Lavelle Lee filed a pro se motion for reduction of sentence pursuant to Section 404 of the First Step Act of 2018 ("First Step Act"). Doc. No. 807. The United States responded and opposed the motion. Doc. No. 815. Lee was appointed counsel and filed his reply on March 22, 2022. Doc. No. 826. For the reasons below, the motion is denied.

## I.   BACKGROUND

### A.   Procedural History.

In December 2009, Lee was charged with one count of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, 18 U.S.C. § 2, and Pinkerton v. United States, 328 U.S. 640 (1946); eleven counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; employment or use of a person under 18 years of age in a drug operation in violation of 21 U.S.C. § 861(a)(1), (c), and (d), and 18 U.S.C. § 2; and continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a) and (c). Doc. No. 1. Lee proceeded to trial on May 11, 2010. Following a lengthy trial, the jury convicted Lee of all charges save for the charge of employment or use of a person under 18 years of age. Doc. No. 322.

Lee was sentenced on August 30, 2010. At sentencing, in resolving a double jeopardy issue, the Court[1] vacated Lee's conviction for conspiracy.[2] The remaining convictions, including continuing criminal enterprise ("CCE"), remained. When sentencing Lee, the Court raised concerns about a potential sentencing disparity between Lee and a codefendant, Marcus Royston, and CCE convictions in general. Specifically, the Court said:

> The Court is concerned about sentencing disparity that would arise from a sentence of less than life on Count Fourteen as it appears that this defendant is more culpable than Mr. Royston, and it does appear to be that way from all the evidence. And ordinarily at that point I really would just impose a life sentence and never look back.
>
> But I have some concerns because I don't have a crystal ball and I don't know what's going to happen out in the future. I do know that we are in a period of time where we have a large number of people incarcerated and the population in prison is growing. And I suspect that at some point either an expansion of the president's commutation powers or exercise of his commutation powers to reduce people to sentences of time served or a reinstatement of some parole system is likely.
>
> I also am concerned that in the final analysis if that happens it's unlikely that continuing criminal enterprise convictions would be included in any systematic review of sentences. And I don't think that the defendant's conduct is so different than Mr. Royston's conduct that that opportunity ought to be foreclosed. And, like I said, I don't have a crystal ball. I don't know what the right answer is.
>
> At the end it strikes me that we can only do justice in one case one at a time and, frankly, if you look at people who have served life sentences out of this Court generally the drug quantities have been larger and generally the -- there's been greater risk of violence than what appeared to exist in this case.

---

[1] The Honorable Ralph R. Erickson, then District Judge of the United States District Court for the District of North Dakota, now Circuit Judge of the United States Court of Appeals for the Eighth Circuit.

[2] The convictions for both conspiracy and continuing criminal enterprise triggered the double jeopardy issue. In Rutledge v. United States, the Supreme Court held that conspiracy was a lesser included offense of continuing criminal enterprise, therefore, convictions on both charges violated the double jeopardy clause of the United States Constitution. 517 U.S. 292 (1996). In response to Rutledge, the Court vacated Lee's conviction for conspiracy and the conviction for CCE remained. Doc. No. 394.

Doc. No. 459, pp. 42-43. The Court then sentenced Lee to 540 months. Doc. No. 459, p. 43. Royston was sentenced to life in prison. Doc. No. 392.[3] Royston's sentence was mandatory due to the amount of cocaine base his conviction involved. See United States v. Lee, 687 F.3d 935, 946 (8th Cir. 2012). Lee's conviction was affirmed on appeal. Doc. No. 556.

On January 28, 2013, Lee filed a motion for reduction in sentence based on retroactive application of the Fair Sentencing Act of 2010 ("Fair Sentencing Act"). Doc. No. 626. The motion was denied on February 27, 2013. Doc. 630. In denying the motion, this Court found the following regarding application of the Fair Sentencing Act to Lee's specific conviction of CCE:

> Vacating the conspiracy count made the Fair Sentencing Act irrelevant to his case, because the FSA did not affect the crime of Continuing Criminal Enterprise. See FAIR SENTENCING ACT of 2010, PL 111-220, August 3, 2010, 124 Stat. 2372. This move was beneficial to Lee. On the conspiracy count, he was facing a mandatory minimum sentence of life following the certification of two prior felony drug convictions. <u>On the Continuing Criminal Enterprise count, however, the mandatory minimum sentence was 20 years under 21 U.S.C. § 848(a). This change, combined with Lee's extensive criminal history, yielded a guideline range of 360 months to Life which was used at sentencing. Lee was sentenced to 540 months, with the distribution charges all running concurrent to his conviction for Continuing Criminal Enterprise. Put simply, the Fair Sentencing Act does not apply to Lee's sentence because it did not affect the crime of Continuing Criminal Enterprise under 21 U.S.C. § 848.</u> Lee received a somewhat unusual break at sentencing when the Court vacated the conspiracy count and its accompanying mandatory minimum life sentence and retained the Continuing Criminal Enterprise Count and its more lenient sentencing provisions. Even if the driving sentence had been the conspiracy count, the FSA would have been inapplicable because of Lee's certified prior convictions. The FSA has no bearing on Lee's sentence, and therefore his motion is denied.

Doc No. 630, pp. 2–3. (Emphasis added).

Subsequently, Lee filed several motions seeking relief from his sentence that have no bearing on the instant motion. See Doc. Nos. 640, 661, 662, 663, 713, 720. 721. Lee filed the

---

[3] Royston's sentence, however, was later reduced to 300 months under the Fair Sentencing Act, as discussed *infra*.

instant motion on November 24, 2021, requesting a sentencing reduction because of his CCE conviction under 18 U.S.C. § 3582(c)(2) and the First Step Act. Doc. No. 778.

### B. Developments in Sentencing Since Lee's Convictions.

Congress enacted the Fair Sentencing Act in 2010, which reduced the sentencing disparity between cocaine base and powder cocaine from 100-to-1 to 18-to-1. Dorsey v. United States, 567 U.S. 260, 269, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012); see Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences. Dorsey, 567 U.S. at 269. Section 2 also raised the threshold for the 5-year minimum sentence from 5 grams to 28 grams and raised the threshold for the 10-year minimum sentence from 50 grams to 280 grams. Id. Section 3 eliminated the 5-year mandatory minimum for simple possession of cocaine base. Id. These changes did not apply to defendants sentenced before August 3, 2010. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

In 2018, Congress enacted the First Step Act, which makes certain provisions of the Fair Sentencing Act retroactive. As relevant here, Section 404(b) of the First Step Act allows a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Id. § 404(a).

### II.   LAW AND ANALYSIS

Lee argues he is eligible for relief under the First Step Act and that the court should exercise its discretion and reduce his sentence. The United States responds and opposes the motion arguing

the reduced penalties for drug quantities in Section 2 of the Fair Sentencing Act would not have benefitted Lee, which makes him ineligible for relief. In the alternative, the United States argues if Lee is eligible for relief, the Court should refuse to grant any reduction in sentence.

    **A**.    **Applicable Law.**

When applying the First Step Act, a district court proceeds in two steps, first determining whether the defendant is eligible for a reduction and then deciding whether to exercise its discretion to grant such reduction. United States v. Robinson, 9 F.4th 954, 956 (8th Cir. 2021) (citations and quotation marks omitted). Under § 404(b), the court which initially sentenced an individual for a "covered offense" may impose a reduced sentence as if section 2 or 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. See First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222; see also Robinson, 9 F.4th at 956. An offense is a "covered offense" if "(1) it is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010." McDonald, 944 F.3d 769 at 772. As relevant here, Section 2 of the Fair Sentencing Act increased the threshold quantity for the 10-year mandatory minimum sentence from 50 to 280 grams under 21 U.S.C. § 841(b)(1)(A)(iii) and increased the threshold quantity for the 5-year mandatory minimum sentence from 5 to 28 grams under 21 U.S.C. § 841(b)(1)(B)(iii). Robinson, 9 F.4th at 957. Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for individuals sentenced for simple possession. See Fair Sentencing Act, Pub. L. No. 111–220, § 3, 124 Stat. 2372.

A defendant's statute of conviction is analyzed to determine eligibility for relief. McDonald, 944 F.3d 769, 772. Relief is not mandatory and is at the discretion of the district court. See United States v. Birdine, 962 F.3d 1032, 1034 (8th Cir. 2020); see also Pub. Law No. 115-

391, § 404(c), 132 Stat 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence . . ..").

### B. Analysis.

For the Court to grant a reduction in sentence it must decide (1) if the defendant is eligible for relief, and if so, (2) whether the court will exercise its discretion and grant a reduction in sentence. For the reasons stated below, this Court finds Lee is ineligible for relief, as he was not convicted and sentenced for a "covered offense."

#### 1. Eligibility for Relief.

The first step in any analysis under the First Step Act is to determine if the individual is eligible for relief. To be eligible for relief, the defendant must have been convicted of a "covered offense." Lee asserts, and the United States begrudgingly concedes, that a CCE conviction under 21 U.S.C. § 848 is a covered offense. While the United States concedes in their response brief that CCE is a covered offense, after review of the record and existing caselaw, the United States appears only to concede that CCE can be a covered offense. This may appear to be a pedantic distinction, but considering the existing caselaw, the Court finds this distinction significant.

Lee argues the analysis ends here and the Court should next decide whether to exercise its discretion to reduce his sentence. The United States argues that while Lee was convicted under a statute that could be considered a covered offense, because the reduced drug quantity provisions of the Fair Sentencing Act could not have benefitted Lee, he is not eligible for relief.[4]

---

[4] The United States argues that, because the changed drug quantity provisions of the Fair Sentencing Act do not benefit Lee, he is ineligible for relief. Despite its earlier concession that CCE is a covered offense, for all practical purposes, the United States argues that while some convictions for CCE can be a covered offense, Lee's specific conviction of CCE is not a covered offense, and there is no need to move to step two of the analysis—whether the Court should grant relief.

## 2. A Conviction Under 21 U.S.C. § 848 may be a Covered Offense.

While the parties agree that Lee's conviction of CCE may be considered a covered offense, it is helpful for the Court to explain why this is the case in order to clarify its earlier order (Doc. No. 630) with respect to the Fair Sentencing Act. Again, Lee was convicted of engaging in a CCE in violation of 21 U.S.C. § 848, and for that conviction, he is serving a sentence of 540 months imprisonment. To be entitled to relief under the First Step Act, a defendant must demonstrate that he is currently serving a sentence for a "covered offense." "Covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act, § 404(a). The "First Step Act applies to offenses, not conduct." United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). Accordingly, it is the statute under which Lee was convicted that must be examined to determine eligibility for relief. It cannot be disputed that Lee was convicted of a federal crime, or that this conviction occurred prior to August 3, 2010. Section 3 of the Fair Sentencing Act removed the mandatory minimum sentence for simple possession of crack cocaine which is not at issue here. The operative question then is whether the statutory penalties for a conviction of CCE were modified by Section 2 of the Fair Sentencing Act.

The CCE statute under which Lee was convicted is 21 U.S.C. § 848. While multiple penalties are available under 21 U.S.C. § 848, subsections (b)(2)(A) and (e)(1)(A) are the provisions that directly trigger the relief available under the First Step Act. Subsection (b)(2)(A) mandates life imprisonment if the conviction involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B). See 21 U.S.C. § 848(b)(2)(A). Subsection 841(b)(1)(B) was unquestionably modified by Section 2 of the Fair Sentencing Act, as it increased the threshold for a mandatory minimum sentence from 5 to 28 grams of crack under 21 U.S.C. § 841(b)(1)(B)(iii).

7

Robinson, 9 F.4th at 957. Similarly, Subsection (e)(1)(A) allows for the death penalty for individuals involved in an intentional killing while also committing an offense punishable under Section 841(b)(1)(A). Section 841(b)(1)(A) was unquestionably modified by Section 2 of the Fair Sentencing Act, as it increased the threshold quantity for the 10-year mandatory minimum sentence from 50 to 280 grams under 21 U.S.C. § 841(b)(1)(A)(iii). Id. These types of penalties for CCE directly reference the changed drug quantities proscribed by the Fair Sentencing Act, making those sentenced under Sections (b)(2)(A) and (e)(1)(A) eligible for resentencing under the First Step Act.

While the Eighth Circuit has yet to analyze whether 21 U.S.C. § 848 may be a covered offense, other federal district courts have adopted a similar analysis. See United States v. Dean, No. CR-276 (3), 2020 WL 2526476 (D. Minn. May 18, 2020); United States v. Burrell, No. 97 CR 998-1, 2020 WL 5014783 (E.D.N.Y. August 25, 2020); United States v. Santiago-Lugo, 552 F. Supp. 3d 200, 204 (D.P.R. 2021). This Court agrees and finds that some convictions for CCE can be a "covered offense" under the First Step Act.

### 3. Lee's Specific Conviction.

The Court now turns to the United States' argument that while Lee was convicted of a crime that can technically be covered offense, because the Fair Sentencing Act did not modify the statutory penalties for his specific offense under Sections 848(a) and (c), he is ineligible for relief under the First Step Act. The United States further argues that because Lee's guideline sentencing range would not change because of the changes brought about by the Fair Sentencing Act, he is also ineligible for relief. Lee argues that no change to his sentencing guidelines range is required to be eligible for relief, and that at the time of his sentencing, though he was not specifically

convicted under Section 848(b), he was exposed to a potential enhanced penalty under Section 848(b), making him eligible for relief under the First Step Act.

As an initial matter, a change in the sentencing guidelines range is not necessary to be eligible for relief under the First Step Act. See United States v. Harris, 960 F.3d 1103, 1105 (8th Cir. 2020) (defendant remained eligible for relief despite no change in guideline range). The question this Court must answer is whether the defendant's specific CCE conviction under Section 848(a) and (c) subjected him to statutory penalties that were later modified by Section 2 of the Fair Sentencing Act. See Terry v. United States, 141 S. Ct. 1858, 1862-63 (2021).

### a. Convictions under Sections 848(a) and (c).

In Terry, the Supreme Court held that The Fair Sentencing Act had to modify an individual's specific sentence for the First Step Act's retroactive resentencing provision to apply. Id. Lee was convicted under Sections 848(a) and (c). Section 848(a) provides that "[a]ny person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years, and which may be up to life imprisonment." To sustain a conviction under Section 848(c) the government must prove the following five elements:

(1) the defendant committed a felony violation of the federal drug laws;
(2) such violation was part of a continuing series of violations of the drug laws;
(3) the series of violations were undertaken by the defendant in concert with five or more persons;
(4) the defendant served as an organizer or supervisor, or in another management capacity with respect to these other persons; and
(5) the defendant derived substantial income or resources from the continuing series of violations.

21 U.S.C. § 848(c). Under Sections 848(a) and (c), the quantity and type of substance have no impact for sentencing purposes. While Lee's conviction under Sections 848(a) and (c) required a finding that he committed a continuing series of drug violations, the quantity of cocaine base involved in his crime did not affect his sentence, whereas a specific drug quantity is necessary to

secure a conviction under Section 848(b) and potentially Section 848(e). This was also noted by Judge Erickson in his earlier decision. Doc No. 630, pp. 2–3. Accordingly, Lee's specific conviction under Sections 848(a) and (c) is not a covered offense as defined by the First Step Act.

### b. Exposure to Section 848(b).

Lee goes on to argue that his conviction is a covered offense because while he was charged and convicted under Sections 848(a) and (c), he remained subject to the enhanced penalties under Section 848(b), though the requirements for this provision were not alleged in the indictment or found by the jury. This argument is not without merit. Under the controlling law at the time Lee was sentenced, which has since been overruled, Lee could have been subject to the enhanced mandatory minimum sentence provision of Section 848(b) (a mandatory life sentence), based on the judge's determination, even without a specific conviction under Section 848(b).[5]

If Lee had been given the mandatory minimum life sentence proscribed by Section 848(b), he would have a strong argument that he was sentenced for committing a covered offense, even if not technically convicted under the precise statute. However, he did not receive a mandatory life sentence. This is fatal to Lee's argument. Considering Terry, this Court looks at Lee's specific sentence, and not what sentence he would have been eligible to receive at the time of his conviction. The Fourth Circuit recently dealt with an analogous case, which, while not binding on this Court, reached the same conclusion. See generally United States v. Thomas, 32 F.4th 420 (4th Cir. 2022). The Court finds Lee was not convicted or sentenced for a covered offense, making him ineligible for a reduction in sentence under the First Step Act. In turn, it is unnecessary for the

---

[5] Specifically, at the time of Lee's sentencing, a defendant could receive an enhanced mandatory minimum sentence, based only on judge-found facts, after conviction by a jury, without violating the Sixth Amendment. Harris v. United States, 536 U.S. 545, 568-69 (2002). Harris was later overruled by Alleyne v. United States, 570 U.S. 99, 103 (2013) (holding that, in a jury trial, other than prior convictions, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury.).

Court to move to the second prong of the analysis, whether it will exercise its discretion to reduce Lee's sentence.

The Court is fully aware that the application (or, more accurately, inapplication), of the First Step Act appears counterintuitive in an era when criminal justice reform enjoys significant support. This outcome appears even more arbitrary when compared to the sentence reduction of Lee's co-defendant, Marcus Royston. Lee's 540-month sentence was at least partially based on the life sentence received by Royston which was later reduced to 300 months under the Fair Sentencing Act. See Lee, 687 F.3d at 946 (vacating Royston's sentence and remanding for resentencing under the Fair Sentencing Act); see also Case No. 09-cr-155, Doc Nos. 615, 616.

Had Lee been found to have sold enough crack cocaine to trigger a mandatory life sentence, he would be eligible for relief. Instead, because he was convicted of an offense with lesser penalties under Sections 848(a) and (c), Lee is ineligible for relief under the First Step Act. This may very well be a problem, but unfortunately, it is not a problem that can be fixed by a court tasked with simply interpreting the law. While it would appear the spirit of the Fair Sentencing Act and First Step Act was meant to apply to Lee, the text does not support such an interpretation.

### III.    CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the Defendant's motion (Doc. No. 807) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2022.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court